UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANTHONY WRIGHT, | ) |
|           Petitioner, | ) ) ) |
| v. | ) Case No. 1:15-cv-0335-JMS-DML |
| D. ZATECKY, | ) ) ) |
|           Respondent. | ) |

**Entry Discussing Petition for Writ of Habeas Corpus**

The petition of Anthony Wright for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. ISR 14-12-0076. For the reasons explained in this Entry, Anthony Wright's habeas petition must be **denied**.

**Discussion**

**Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

## I.  The Disciplinary Proceeding

On December 17, 2014, Sergeant Reed wrote a conduct report that charged Wright with possession of a weapon. The conduct report states:

> On the above date and time I Sgt. J. Reed and Ofc. D. Hartle were conducting a shake down on Offender Wright, Anthony DOC# 953497. While searching the interior lip of the cell door, I confiscated a 11 inch round metal weapon. The metal weapon was confiscated and taken to the D.O. photos attached.

On December 18, 2014, Wright was notified of the charge and served with the conduct report and the notice of disciplinary hearing "screening report." Wright was notified of his rights, pled not guilty, and requested the appointment of a lay advocate. Wright requested a more specific witness statement from Sergeant Reed, and requested a video and photographs as physical evidence.

The hearing officer conducted a disciplinary hearing on December 22, 2014. The hearing officer found Wright guilty of the charge of possession of a weapon.

In making the guilty determination, the hearing officer relied on the offender's statement, staff reports, evidence from witnesses, video, and photographic evidence. The following sanctions were approved: written reprimand, a one-month loss of phone privileges, one year of disciplinary segregation, one year earned credit time deprivation, and a demotion from credit class 1 to credit class 2. The sanctions were imposed because of the seriousness of the offense, the frequency and nature of the offense, and the degree to which the violation disrupted and/or endangered the security of the facility.

Wright's appeals through the administrative process were denied. He now seeks relief pursuant to 28 U.S.C. § 2254, arguing that his due process rights were violated.

## II.  Analysis

In support of his claim for habeas relief, Wright alleges the following grounds: 1) the evidence was not sufficient to support a guilty finding; 2) the video evidence does not show the

correctional officers searching the door; 3) Wright was denied evidence; and, 4) the correctional officer has a history of planting weapons on offenders.

**1.** The Court construes claims one and two as challenges to the sufficiency of the evidence. Specifically, Wright alleges that based on the size of the weapon, it could not have fit on the interior lip of the cell door, and that the video does not show correctional officers searching the door. In reviewing the sufficiency of the evidence, "courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999); *see also Meeks v. McBride,* 81 F.3d 717, 720 (7th Cir. 1996) ("because the 'some evidence' standard . . . does not permit courts to consider the relative weight of the evidence presented to the disciplinary board, it is '[g]enerally immaterial that an accused prisoner presented exculpatory evidence unless that evidence directly undercuts the reliability of the evidence on which the disciplinary authority relied' in support of its conclusion")(*quoting Viens v. Daniels,* 871 F.2d 1328, 1335 (7th Cir. 1989)). Instead, the "some evidence" standard of *Hill* is lenient, "requiring only that the decision not be arbitrary or without support in the record." *McPherson,* 188 F.3d at 786. The evidence here was constitutionally sufficient. *See Henderson v. United States Parole Comm'n,* 13 F.3d 1073, 1077 (7th Cir. 1993) (a federal habeas court "will overturn the [hearing officer's] decision only if no reasonable adjudicator could have found [the petitioner] guilty of the offense on the basis of the evidence presented.").

Here, the evidence shows that two correctional officers were searching Wright's cell and found a metal weapon on the interior lip of his cell's door. [dkts. 8-1; 8-3, at pp. 2-4]. The conduct report, the correctional officers' statements, and a photograph reveal the metal weapon was an 11-

inch long sharpened metal rod that was found in Wright's cell door. The video review form states that the due to the position of the cameras, the video does not show the front of Wright's cell. The fact that the video does not show the search of the cell does not negate the rest of the evidence. In this setting, evidence is constitutionally sufficient if it "point[s] to the accused's guilt," *Lenea v. Lane,* 882 F.2d 1171, 1175 (7th Cir. 1989), and that the decision "not be arbitrary or without support in the record." *McPherson,* 188 F.3d at 786. This Court cannot now reweigh the evidence. *Id.* (in reviewing a disciplinary determination for sufficiency of the evidence, "courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis"). The evidence here was constitutionally sufficient because it supports the conclusion that Wright was in possession of a weapon when an 11-inch long sharpened metal rod was found in his cell door. This evidence is sufficient to support the guilty finding.

  **2.** Next, Wright alleges he was denied evidence and a continuance. At screening, he requested a more specific witness statement from Sergeant Reed, and requested video and photographs as physical evidence. Sergeant Reed provided a supplemental statement, and the hearing officer relied on the video and photographic evidence in making his determination. As such, all the evidence that Wright requested was presented at the hearing. [dkt. 8-2; 8-3, at pp. 3-6].

  Wright alleges his due process rights were violated when the hearing officer ignored his request for a continuance. However, Wright did not file a reply brief, and in the petition Wright fails to articulate when he filed a grievance or for what purpose. Although *Wolff* requires that an inmate be given 24 hours advance written notice of the factual basis of the charges against him, it

does not require that he be granted a continuance. The Seventh Circuit has instructed that *"Baxter v. Palmigiano,* 425 U.S. 308, 96 S. Ct. 1551, 47 L.Ed.2d 810 (1976), warns the court of appeals not to add to the procedures required by *Wolff,* which, *Baxter* held, represents a balance of interests that should not be further adjusted in favor of prisoners." *White v. Ind. Parole Bd.,* 266 F.3d 759, 767–68 (7th Cir. 2001) (citation altered). Here, Carter was given four days between his notification date and his hearing date, which is well past the minimum 24 hours required by *Wolff*. Therefore, the denial of additional time did not violate Wright's due process rights.

3. Finally, Wright alleges the correctional officer has a history of planting weapons on offenders. This is simply an invitation to this Court to make its own determination of the relative credibility of the witnesses. *McPherson*, 188 F.3d 786. Because there is some support to support the hearing officer's determination, there is no basis for granting habeas relief on this ground.

### III. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Wright to the relief he seeks. Accordingly, his petition for a writ of habeas corpus must be **denied** and the action dismissed.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED**.

Date: September 15, 2016

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Anthony Wright, #953947
Pendleton Correctional Facility
Electronic Service Participant - Court Only

Electronically registered counsel